**Goenawan BOEDIJONO; Meyke Margaretha, Petitioners,**

**v.**

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

**No. 09–72016.**

United States Court of Appeals, Ninth Circuit.

Submitted May 15, 2012.*

Filed May 22, 2012.

Anthony Wilaras, Law Offices of Anthony Wilaras, Artesia, CA, for Petitioners.

OIL, Pegah Vakili, U.S. Department Of Justice, Washington, DC, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: CANBY, GRABER, and M. SMITH, Circuit Judges.

MEMORANDUM **

Goenawan Boedijono and Meyke Margaretha, natives and citizens of Indonesia, petition for review of the Board of Immigration Appeals' ("BIA") order dismissing their appeal from an immigration judge's decision denying their applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence factual findings, *Zehatye v. Gonzales*, 453 F.3d 1182, 1184–85 (9th Cir. 2006), and we deny in part and dismiss in part the petition for review.

Petitioners do not challenge the agency's finding that they failed to demonstrate past persecution. Substantial evidence supports the BIA's finding that petitioners lack a well-founded fear of future persecution because, even as members of disfavored groups as ethnic Chinese Indonesians and Christians, they failed to establish that they face an individualized risk of harm. *See Halim v. Holder*, 590 F.3d 971, 979 (9th Cir.2009); *Lolong v. Gonzales*, 484 F.3d 1173, 1181 (9th Cir.2007) (en banc) (petitioner's fears might be "shared

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

by millions of ethnic Chinese Christians in Indonesia."). Accordingly, petitioners' asylum claims fail. We lack jurisdiction to review petitioners' unexhausted contention that they will be targeted for persecution because they are Westernized. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir.2004).

Because petitioners failed to meet the lower burden of proof for asylum, it follows that they have not met the higher standard for withholding of removal. *See Zehatye*, 453 F.3d at 1190.

Finally, the record does not compel the conclusion it is more likely than not that petitioners will be tortured by or with the acquiescence of the government if they return to Indonesia. *See Wakkary v. Holder*, 558 F.3d 1049, 1068 (9th Cir.2009). Accordingly, petitioners' CAT claims fail.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.